**Thomas J. HALEY, III, Carol B. Haley, and Jolly Jumper Amusements, Inc., Appellants Below–Appellants,**

v.

**TOWN OF DEWEY BEACH, Delaware, and Town of Dewey Beach, Delaware Board of Adjustment, Appellees Below–Appellees.**

**No. 522, 1995.**

Supreme Court of Delaware.

Submitted: Jan. 18, 1996.
Decided: Jan. 31, 1996.

Stephen B. Potter, H. Garrett Baker of Potter, Crosse and Leonard, P.A., Wilmington, for movants.

David N. Rutt of Moore and Rutt, P.A., Georgetown, for appellants.

James A. Fuqua, Jr. of Fuqua and Yori, P.A., Georgetown, for appellees.

Before WALSH, HOLLAND, and HARTNETT, Justices.

HOLLAND, Justice:

The Court has before it a motion to intervene filed by Stephen B. Potter, Robert Lewis, Jackie Lewis, Robert U. Spengler, Audrey Spengler, Leonard Iacona, David F. Sim-

mons, Linda Simmons, and Oceans Reach Condominium Association (collectively, "the movants"). The appellants, Thomas and Carol Haley ("the Haleys"), and Jolly Jumper Amusements, Inc., (collectively "Jolly Jumper")[1] have filed a response in opposition to the motion to intervene. The appellees, the Town of Dewey Beach and its Board of Adjustment (collectively, "the Board"), does not oppose the movants' request to intervene.

### Dewey Beach
### Board of Adjustment

Jolly Jumper owns a parcel of land located in Dewey Beach, Delaware. The movants are owners of property adjacent to the Jolly Jumper land. On March 15, 1993, Jolly Jumper filed an application with the Board of Adjustment for the Town of Dewey Beach for certain variances from the Dewey Beach Zoning Ordinance.[2] Jolly Jumper requested variances from the regulations requiring: (a) a minimum lot size of 5000 square feet; (b) a minimum of 2000 square feet per dwelling unit; and (c) a ten foot rear setback.

The Board held a hearing on March 4, 1994. The Board granted Jolly Jumper a variance from the minimum lot size requirement. The Board denied Jolly Jumper's request for variances from the minimum dwelling unit size and setback requirements.

### Superior Court Appeal
### Movants Were Parties

The movants filed a notice of appeal with the Superior Court from the portion of the Board's decision that granted Jolly Jumper a variance from the minimum lot size requirement. Jolly Jumper filed an appeal with the Superior Court from the portion of the Board's decision that denied it variances from the dwelling unit size and setback requirements. The Superior Court consolidated both appeals.

On November 30, 1995, the Superior Court ruled in favor of the movants. It reversed the Board's decision granting Jolly Jumper a variance from the minimum lot size requirement. The Superior Court also held that Jolly Jumper's appeal from the Board's denial of the variances from the minimum dwelling unit size and setback requirements was moot because of its reversal of the Board's decision granting the variance from the minimum lot size requirement.

### Supreme Court Appeal
### Against Certain Parties Only

Jolly Jumper filed an appeal with this Court from both aspects of the Superior Court's November 30 decision and judgment. In its notice of appeal, Jolly Jumper identified only the Town of Dewey Beach and its Board of Adjustment, as the parties against whom the appeal is taken. See Supr.Ct.R. 7(c)(2). Jolly Jumper served its notice of appeal upon both the attorney of record for the Town of Dewey Beach and the Board. In accordance with Supreme Court Rule 7(a), Jolly Jumper also served the attorney of record for the movants, since the movants were named parties in the consolidated proceedings before the Superior Court.

### Motion to Intervene
### The Parties' Contentions

On January 4, 1996, the movants filed a motion to intervene in this appeal. The movants allege that they were parties to the proceedings in the Superior Court and that they may be affected by the outcome of this appeal. The movants submit that it would be illogical to expect the Board, as the only named appellee in this appeal, to defend a decision of the Superior Court which reversed the Board's own decision. The movants contend that they were the only successful parties in the Superior Court proceedings. Thus, according to the movants, they can best present an argument to this Court in support of the Superior Court's reversal of the Board's decision granting the Haleys a variance from the minimum lot size requirement.

1. The record reflects that the Haleys are the controlling shareholders of Jolly Jumper Amusements, Inc., a Delaware corporation.

2. The application was revised on January 3, 1994.

The Board does not oppose the movants' request to intervene. In its written response, the Board refers to the movants as a "real party in interest." The Board has also stated that, if the movants' request to intervene is granted, the Board will not participate in the briefing of the issues on appeal.

Jolly Jumper opposes the movants' request to intervene. Jolly Jumper argues the movants do not have a right to intervene. According to Jolly Jumper, the movants' request to intervene in this case is essentially a motion for leave to file a brief as *amicus curiae*. Jolly Jumper further contends that the only interest the movants have regarding the subject of this appeal arises by virtue of their status as residents of the Town of Dewey Beach and, therefore, that the movants' interest can be represented adequately by counsel for the Board.

### Party to Judgment
### Intervention on Appeal

The record reflects that the movants *were* parties in the consolidated proceedings in the Superior Court. If the movants had not been successful in their appeal to the Superior Court from the Board's decision granting Jolly Jumper a variance, the movants would have had the right to file their own appeal or to file a cross-appeal. *See* Supr.Ct.R. 6. In this case, however, as the successful party in the Superior Court, the movants had no reason to seek affirmative appellate relief.

This Court has held that "all parties to the litigation who would be directly affected by a ruling on the merits of an appeal, should be made party to the appellate proceedings." *State Personnel Comm'n. v. Howard*, Del.Supr., 420 A.2d 135, 137 (1980). The movants were successful parties to the proceedings in the Superior Court and, therefore, will be directly affected by an adverse ruling on the merits of this appeal. Jolly Jumper's appeal, however, was not taken against them. Consequently, the only means available to the movants to protect their interest on appeal is to request this Court's permission to intervene in the appellate proceedings.

Supreme Court Rule 7(a) requires that a notice of appeal be served upon every party to the trial court proceedings, and not just those parties against whom the appeal is taken. "An important purpose served by the procedural requirements as to the form and service of the notice of appeal, is to provide notice of the appeal to all litigants who may be directly affected thereby, and to afford them an opportunity to come in and adequately protect their interests in the appellate court." *State Personnel Comm'n. v. Howard*, Del.Supr., 420 A.2d 135, 138 (1980). Any party to the judgment in the Superior Court, who has not filed a separate appeal, and against whom the appeal is not taken, may seek leave of this Court to intervene and protect their interest in the judgment.

After receiving notice that an appeal has been filed, any party who does not participate in the appeal assumes the risk of either having their interests jeopardized by an adverse appellate ruling or of not benefitting from a favorable appellate ruling. The general rule is that a judgment will not be set aside or altered on appeal in favor of a party who has not filed a timely notice of appeal, irrespective of whether that party is an appellee or a co-party of the appellant. *See Hegger v. Green*, 646 F.2d 22, 30 (2d Cir.1981). *But see Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 742–45 (5th Cir. 1980).[3] A cross-appeal is necessary if the appellee seeks affirmative relief from a portion of the judgment, i.e., enlarging the appellees' own rights or lessening the rights of an adversary. *United States v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087 (1924). An appellee who does not file a cross-appeal, however, may defend the judgment with any argument that is supported by the record, even if it questions the trial court's reasoning

---

3. The exception to the general rule is when a non-appealing party's rights under a judgment are dependent upon and interwoven with the parts of a judgment which determined the rights of the parties to the appeal. In such circumstances, an appellate court can reverse the entire judgment in the interest of justice. *See University of Nevada v. Tarkanian*, Nev.Supr., 110 Nev. 581, 879 P.2d 1180 (1994).

or relies upon a precedent overlooked or disregarded by the trial court. *Id.*[4]

### *Conclusion*

 The movants, as the successful parties in the Superior Court proceedings, have a *right* to intervene as an appellee to protect their interest by defending the Superior Court's judgment. The movants' motion to intervene is granted. The caption in all future filings on appeal shall reflect the movants as appellants below-appellees.

---

4. *See* Robert L. Stern, *When to Cross–Appeal or Cross–Petition—Certainty or Confusion,* 87 Harv. L.Rev. 763 (1974).