HERCULES INCORPORATED,
Plaintiff–Below, Appellant,

v.

AIU INSURANCE COMPANY,
et al., Defendants–Below,
Appellees, and

American Home Assurance Company, Allstate Insurance Company, Everest Reinsurance Company, Gibraltar Casualty Company, and the Home Insurance Company, Defendants–Below, Appellees/Cross–Appellants,

v.

Hercules Incorporated, Plaintiff–Below, Appellant/Cross–Appellee.

No. 193, 2000.

Supreme Court of Delaware.

Submitted: June 29, 2000.
Decided: Aug. 16, 2000.

Richard E. Poole, and John E. James, of Potter, Anderson & Corroon, LLP, Wilmington; Michael F. Rettig, Hercules Incorporated, Wilmington; Jerold Oshinsky, Mark H. Kolman, Kent T. Withycombe and Michael T. Sharkey, of Dickstein, Shapiro, Morin & Oshinsky, LLP, Washington, DC, for appellant.

Anthony G. Flynn, of Young, Conaway, Stargatt & Taylor, LLP, Wilmington; Carmella P. Keener, of Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington; Robert J. Katzenstein, of Smith, Katzenstein & Furlow, LLP, Wilmington; Michael J. Goodrick, Wilmington; Barbara A. Fruehauf, of Cattie and Fruehauf, Wilmington; John D. Balaguer, of White & Williams, Wilmington; Loreto P. Rufo, of the Bayard Firm, Wilmington; Kevin F. Brady, of Skadden, Arps, Slate, Meagher & Flom, Wilmington; Daniel P. Bennett, Heckler, Frabizzio & Durstein, Wilmington; J.R. Julian, of J.R. Julian, P.A., Wilmington; and C. Scott Reese, of Cooch & Taylor, Wilmington, for appellees.

Before VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

HOLLAND, Justice:

The Court has before it the plaintiffs-appellants/cross-appellees, Hercules Incorporated ("Hercules"), motion to dismiss the cross-appeal from Sections II, II.C and III of the Superior Court's September 30, 1998 opinion (the "cross-appeal") for lack of subject matter jurisdiction. Hercules contends that the cross-appeals must be dismissed since the Superior Court's judgment was in the appellees' favor. This Court has concluded that the motion to dismiss the cross-appeal must be denied. Accordingly, without considering the merits of the cross-appeal, we only decide that appellees have standing to present its cross-appeal for the Court's consideration.

The defendants-appellees/cross-appellants, Allstate Insurance Company, Everest Reinsurance Company and Gibraltar Casualty Company (collectively, "Allstate"), prevailed before the Superior Court in this insurance coverage litigation. Nevertheless, they have cross-appealed from certain rulings contained in the Superior Court's September 30, 1998 post-trial opinion, as well as the Superior Court's January 31, 2000 order denying Allstate's post-trial application for costs and attorney's fees.[1]

---

1. Hercules does not seek dismissal of All-state's cross-appeal from the Superior Court's January 31, 2000 ruling that denied Allstate's post-trial application for costs and attorney's fees.

Following a trial, the jury rendered a verdict that established, among other things, that Allstate was not liable to Hercules.[2] The Superior Court subsequently issued its September 30, 1998 post-trial opinion, which contained a number of factual determinations and legal rulings. Those findings and rulings served as the basis for the Superior Court's final order of judgment against the insurance carriers that were found liable to Hercules. Hercules appealed to this Court from the final judgment that was entered in favor of Allstate pursuant to Superior Court Civil Rule 54(b).

### Cross–Appeal

 This motion implicates several well-established, but infrequently invoked, principles of appellate procedure. In this case, Allstate is the appellee. As the appellee, Allstate could defend the Superior Court's final judgment in its favor with any argument that is supported by the record.[3] A cross-appeal is necessary only if Allstate, as the appellee, "seeks affirmative relief from a portion of the judgment, i.e., enlarging its own rights or lessening the rights of an adversary."[4] Standing to cross-appeal, however, like standing to appeal, requires the party seeking relief to have been aggrieved by the judgment.[5]

### Aggrieved Party

 As a general rule, the prevailing party may not appeal a decision in its favor.[6] There are at least two recognized exceptions to that general rule. First, a party is aggrieved by a favorable judgment, and may appeal, if that party did not receive all of the relief that was sought.[7] Second, a prevailing party is aggrieved, and may appeal from a judgment in its favor, if it includes a collateral adverse ruling that can serve as a basis for the bars of res judicata, collateral estoppel, or law of the case in the same or other litigation.[8] The latter exception is invoked by Allstate in response to Hercules' motion to dismiss its cross-appeal. Hercules admits that Allstate would be barred from relitigating issues decided by the Superior Court that are adverse to it.

### Res Judicata and Collateral Estoppel

This is an environmental insurance coverage case in which Hercules brought suit against a number of insurance carriers, including Allstate, seeking coverage for claims arising out of environmental contamination at its Jacksonville, Arkansas herbicide factory. The case was tried as "Phase I" of the Superior Court's Case Management Order dated June 6, 1993. Allstate cross-appeals from three rulings

2. The Superior Court's post-trial opinion provides that "the verdict emancipates most of the defendant insurers, but leaves three remaining: London Market Insurers (LMI), American Home Assurance Company, and Home Insurance Company."

3. *Haley v. Town of Dewey Beach,* Del.Supr., 672 A.2d 55, 58 (1996).

4. *Id.*

5. *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 334, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

6. *Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 334, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

7. *Public Serv. Comm'n of Missouri v. Brashear Freight Lines, Inc.,* 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. 608 (1939).

8. *Deposit Guar. Nat'l Bank of Jackson, Mississippi v. Roper,* 445 U.S. 326 at 334, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). *Electrical Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939). *See also Ruvalcaba v. City of Los Angeles,* 9th Cir., 167 F.3d 514, 520 (1999); *United States v. Good Samaritan Church,* 29 F.3d 487 (1994).

in the Superior Court's post-trial opinion that, it contends, constitute collateral estoppel determinations that could be applied against Allstate in future phases of this environmental insurance coverage litigation.

 The distinction between the entry of a final judgment in favor of one or more parties and the factual findings or legal issues upon which that final judgment are based, is extremely important. A fundamental precept that is common to the doctrines of both res judicata and collateral estoppel is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies...." [9] The doctrine of res judicata provides that a final judgment on the merits bars further claims by the same parties or their privies based on the same cause of action.[10] The doctrine of collateral estoppel provides that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.[11]

 With regard to Allstate's cross-appeal, the question to be answered is whether the rulings or factual findings being challenged in Allstate's cross-appeals were necessary and material to the final judgment that was entered in its favor against Hercules by the Superior Court.[12]

If that question is answered affirmatively and those rulings or findings were erroneous, Allstate is entitled to have them eliminated.[13] Under those circumstances, if this Court decided to affirm the judgment in Allstate's favor, the appropriate remedy for the cross-appeal would be to direct a reformation of the Superior Court's decree.[14]

### Allstate Has Standing

 At this stage of the proceeding it is impossible to decide the actual merits of Allstate's cross-appeal. Nevertheless, for the purpose of deciding Hercules' motion to dismiss, it is important to note that "Hercules agrees that some of the [Superior Court's] rulings were in [Hercules'] favor, and that Allstate after this appeal will not be permitted to relitigate them in the future." Thus, since it appears that the Superior Court's rulings adverse to Allstate can serve as the basis for assertions by Hercules of either collateral estoppel or res judicata in subsequent litigation, Allstate is aggrieved and has standing to cross-appeal from the Superior Court's final judgment in its favor.

### Conclusion

The motion to dismiss the cross-appeal is denied.

**9.** *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). *See also Bradley v. Div. of Child Support Enforcement*, Del.Supr., 582 A.2d 478, 480 (1990).

**10.** *Montana v. United States*, 440 U.S. at 153, 99 S.Ct. 970. *See also Bradley v. Div. of Child Support Enforcement*, 582 A.2d at 480.

**11.** *Montana v. United States*, 440 U.S. at 153, 99 S.Ct. 970. *See also Bradley v. Div. of Child Support Enforcement*, 582 A.2d at 480.

**12.** *Electrical Fittings Corp. v. Thomas & Betts*, 307 U.S. 241 at 242, 59 S.Ct. 860, 83 L.Ed. 1263; *Accord Deposit Guaranty Nat. Bank, etc. v. Roper*, 445 U.S. 326, 335, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980).

**13.** *Electrical Fittings Corp. v. Thomas & Betts*, 307 U.S. 241 at 242, 59 S.Ct. 860, 83 L.Ed. 1263.

**14.** *Id.*