J-S42030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL SETH LEPPIEN | : | |
| | : | |
| Appellant | : | No. 1568 MDA 2017 |

Appeal from the PCRA Order April 18, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0000409-2012

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 24, 2018**

Daniel Seth Leppien appeals from the ordering denying his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Leppien alleges his appellate counsel was ineffective for failing to challenge on appeal the denial of a pre-trial motion for a continuance and the discretionary aspects of his sentence. We affirm.

Leppien was charged with committing numerous sexual offenses against five female victims, who were 15 or 16 years of age. The charges were lodged at four separate docket numbers.

On October 22, 2012, Leppien filed a motion for a continuance of the trial, alleging that two defense witnesses, Leppien's mother and aunt, were unavailable on the scheduled trial date because they were caring for their sick mother. On October 26, 2012, after considering "[Leppien's] motion to

_____
*   Retired Senior Judge assigned to the Superior Court.

continue trial, counsel's subsequent correspondence and a conference with both counsel," the trial court denied the motion. Order, filed Oct. 26, 2012. Leppien's mother testified at trial; his aunt did not.

On November 12, 2012, a jury found Leppien guilty of: one count of rape by forcible compulsion, one count of involuntary deviate sexual intercourse with a person less than 16 years of age, one count of involuntary deviate sexual intercourse by forcible compulsion, two counts of sexual assault, three counts of statutory sexual assault, four counts of unlawful contact with minors, four counts of corruption of minors, one count of criminal attempt to commit aggravated indecent assault of a person less than 16 years of age, one count of indecent assault, and one count of furnishing alcohol to a minor.[1] Trial Court Order and Opinion, filed April 18, 2017, at 1-2 ("TCO"). On March 8, 2013, the trial court sentenced Leppien to 28 to 65 years' incarceration. *Id.* at 2. On April 11, 2014, this Court affirmed.

On May 8, 2015, Leppien filed a timely PCRA petition seeking, in part, reinstatement of his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court *nunc pro tunc*. The PCRA court granted the petition, and Leppien filed a Petition for Allowance of Appeal. On December 21, 2016, the Supreme Court denied Leppien's Petition.

---

[1] 18 Pa. C.S.A. §§ 3121(a)(1), 3123(a)(7), 3123(a)(1), 3124.1, 3122.1, 6318, 6301, 901, 3126, and 6310.1, respectively.

On January 5, 2017, Leppien filed a timely, counseled PCRA petition alleging, among other things, that his appellate counsel was ineffective for failing to challenge the denial of the motion for a continuance and for failing to challenge the discretionary aspects of his sentence.

The PCRA court held a hearing.[2] Appellate counsel testified that "if the issue was that a continuance was not granted when witnesses were unavailable and the Commonwealth did not provide any evidence of prejudice, then I can't think of any reason why I didn't raise it on direct appeal." N.T., 11/13/15, at 10. Further, he stated that he raised a challenge to the discretionary aspects of Leppien's sentence in his concise statement of issues on appeal, but did not include it in his appellate brief because he "believe[d] Judge Cullen wrote a fairly substantial statement of justification that would have led me to abandon that" on direct appeal. *Id.* at 13.

Leppien's aunt, Karen Hoffman, testified regarding the continuance request. Ms. Hoffman stated that she met one of the victims, A.M., in 2011. *Id.* at 46. A.M. told Ms. Hoffman that she was 20 years old and then, shortly after, said she was 17. *Id.* at 46, 50. Ms. Hoffman stated that the victim also claimed her sister was 20, until Leppien's mother said that the victim and her sister were twins. *Id.* at 50. Ms. Hoffman stated she was unable to testify at

_____

[2] The hearing was held after Leppien filed the May 8, 2015, PCRA petition, and before the re-instatement of Leppien's right to file a petition for allowance of appeal. The hearing, however, addressed the counsel ineffectiveness claims at issue in this appeal, which were raised in both his May 8, 2015 and his January 5, 2017 PCRA petitions.

trial because she was caring for her mother, who had had a stroke. *Id.* at 50-51.

On cross-examination, Ms. Hoffman stated that Leppien's mother was present during the conversation with the victim. *Id.* at 53. She stated that she and Leppien's mother stayed with their mother and only occasionally would leave to get something, that hospice caretakers came two times a week, and that she could not make arrangements for someone else to care for her mother. *Id.* at 60, 62. She stated they could not have made an arrangement where Leppien's mother went to the courtroom and, when she returned, Ms. Hoffman went to the courtroom. *Id.* at 64. Ms. Hoffman stated that she had her own "medical problems, and [she] wouldn't be able to sit in the courtroom." *Id.* She did not know whether she would be able to sit in the courtroom for 15-20 minutes. *Id.*

The PCRA court denied the petition. Leppien received permission to file an appeal of the denial *nunc pro tunc*, and then filed a timely notice of appeal at only one of the four docket numbers at which he was charged, docket CP-36-CR-0000409-2012 ("Docket 409"). He did not file a notice of appeal at CP-36-CR-0000408-2012, CP-36-CR-0000416-2012, or CP-36-CR-0005623-2011.

On appeal, Leppien raises the following issues:

> 1. Did the PCRA court err when it denied [Leppien's] claim that his appellate counsel was ineffective for failing to raise on direct appeal the trial court's denial of a defense continuance request because said denial resulted in the

unavailability of a necessary and indispensable defense witness?

2. Did the PCRA court err when it denied [Leppien's] claim that his appellate counsel was ineffective for failing to challenge the discretionary aspects of sentencing because the sentence imposed, while within the guideline range, involved circumstances where the application of the guidelines was pat[]ently unreasonable[?]

Leppien's Br. at 4 (unnecessary capitalization omitted).

We must first address whether we have jurisdiction over Leppien's claims. Although Leppien filed his PCRA petition and his concise statement of matters complained of on appeal at all four dockets, he filed a notice of appeal at only Docket 409, and the only trial court docket listed on that notice of appeal is Docket 409. We, therefore, have jurisdiction to review the case only as it relates to Docket 409. **Commonwealth v. Hardy**, 99 A.3d 577, 579 (Pa.Super. 2014).[3] However, Leppien's issues on appeal do not relate to the conviction or sentence at Docket 409. Ms. Hoffman's testimony addressed the credibility of A.M., and Docket 409 did not charge Leppien with crimes against A.M. Rather, Docket 409 charged him with committing crimes against a different victim, K.B. Further, Leppien's claim that counsel was ineffective for failing to challenge the discretionary aspects of sentence focuses on the total

---

[3] In **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018), the Pennsylvania Supreme Court determined that where a party fails to file separate appeals from an order that resolves issues arising on more than one docket, the appellate court must quash the appeal. It found, however, that the bright-line rule would apply only to cases appealed following the court's decision, which was issued on June 1, 2018. **Id.** In **Walker**, the appellant had filed a single notice of appeal that listed multiple docket numbers. **Id.** at 972. Here, although Leppien filed his notice of appeal before June 1, 2018, he filed a single notice of appeal and listed only one docket number.

aggregate sentence, with no mention of the sentences imposed at Docket 409. Leppien's Br. at 18. Accordingly, because Leppien filed a notice of appeal only at Docket 409, and because the claims he raises in this appeal do not address the conviction or sentence at Docket 409, we lack jurisdiction to consider the issues raised in this appeal.

Although we have jurisdiction over the order entered on Docket 409, Leppien has failed to preserve any issue for our review. We, therefore, affirm the order denying the PCRA petition. *In re K.L.S.*, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (noting a court should quash an appeal "where the court lacks jurisdiction over the appeal in the first instance," but should affirm the appeal if the appellant failed to preserve, and therefore waived, issues on appeal).

Further, even if we were to review the claims, we would still affirm.

When reviewing the dismissal of a PCRA petition, we examine the PCRA court's "findings of fact to determine whether they are supported by the record, and . . . its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (quoting *Commonwealth v. Colavita,* 993 A.2d 874, 887 (Pa. 2010)).

To prevail on an ineffectiveness claim, a petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Id.* (citing *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010)). "Counsel is presumed effective" and the petitioner bears the burden of demonstrating ineffectiveness. *Id.* To establish prejudice, the petitioner must

- 6 -

prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (quoting ***Strickland v. Washington***, 466 U.S. 668, 694 (1984)).

Leppien maintains his appellate counsel was ineffective for failing to raise on appeal a challenge to the trial court's denial of the motion for a continuance. We disagree.

"The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." ***Commonwealth v. Brooks***, 104 A.3d 466, 469 (Pa. 2014) (quoting ***Commonwealth v. Randolph***, 783 A.2d 1277, 1281 (Pa. 2005)). "[D]iscretion is abused when 'the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.'" ***Id.*** (quoting ***Randolph***, 783 A.2d at 1281). Further, "[t]rial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons." ***Commonwealth v. Sandusky***, 77 A.3d 663, 671 (Pa.Super. 2013) (quoting ***Morris v. Slappy***, 461 U.S. 1, 11 (1983)).

Here, the PCRA court found the underlying claim lacked merit, reasoning:

In this case, the Court attempted to work out an accommodation whereby [Leppien's] mother and aunt could testify while simultaneously considering the needs of [Leppien's] multiple victims, the public, counsels' availability and the scheduling issues that a continuance would entail.[13] Such considerations were exacerbated by the fact that, while [Leppien] sought a two month continuance, there is nothing in the record to indicate that [Leppien's] grandmother's condition would have changed during that time so as to allow [Leppien's] aunt to testify.

[13] At the time of [Leppien's] request for a continuance, it was just over a year since the first criminal complaint had been filed against [Leppien] and nearly nine months since the first information had been filed. [Leppien] had already requested two continuances. Status orders granting those continuances were filed on March 20, 2012, and April 17, 2012. A third status order, filed on August 28, 2012, indicates a third continuance was granted but does not indicate to whom it was charged. Moreover, the Commonwealth had issued subpoenas for 15 witnesses, including six young women between 16 and 18 years of age, two police officers and officials of the high school the victims attended.

TCO at 9.[4]

The PCRA court further found that, even if the underlying claim had merit, Leppien's ineffectiveness claim still would fail because he cannot establish prejudice. The court reasoned Ms. Hoffman's testimony would have been used to impeach one victim. The trial court further noted that Leppien's

---

[4] The PCRA court further noted that, at the PCRA hearing, Leppien's "aunt's testimony indicates that she was as much resistant to testifying as she was unavailable. She testified that, even if it could have been arranged for her to come to court, her own unspecified health problems would have prevented her from sitting in court and testifying. She made this claim notwithstanding the fact that she was sitting in court and testifying at the PCRA hearing." TCO at 9-10.

mother testified at trial, and was present when Ms. Hoffman met the victim. Therefore, Ms. Hoffman's testimony would have been cumulative. The PCRA court concluded that Leppien "has failed to demonstrate that there was a reasonable probability that the outcome of the case would have been different had the continuance request been granted such that he was prejudiced by the denial of his request." TCO at 10.

The PCRA court did not err in finding the ineffectiveness claim lacked merit because the underlying issue was meritless and the denial of the motion for a continuance did not prejudice Leppien. The trial court considered the motion and the Commonwealth's response, and met with counsel. Its decision to deny the continuance request was not an abuse of discretion. Further, as the PCRA court noted, Leppien's mother was present when Ms. Hoffman met A.M., and Leppien's mother testified at trial. Therefore, because Leppien's mother could have testified regarding the conversation, Leppien cannot establish prejudice.

Leppien next alleges that his appellate counsel was ineffective for failing to challenge the discretionary aspects of his sentence.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa.Super. 2013) (**quoting Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa.Super. 2012)).

The PCRA court found this claim lacked merit. It reasoned that when sentencing Leppien, the trial court complied with "the applicable requirements in imposing sentence." TCO, at 13. The trial court reviewed the presentence investigation report, the sentencing code provisions, and the sentencing guidelines. *Id.* (citing N.T., 3/18/13, at 6-9, 16-17). The court considered Leppien's background, mental health history, and suicide attempts. *Id.* (citing N.T., 3/18/13, at 14-16). It also "considered the circumstances of the offenses, the authorized penalties, [Leppien's] rehabilitative needs, statements of [Leppien's] attorney, letters submitted on [Leppien's] behalf and the statements of the assistant district attorney." *Id.* The court further noted that the reasons for imposing an aggravated-range sentence were on the record, and it "considered all relevant information and imposed a sentence that addressed the need to protect the public from such crimes, the gravity of the offenses as they related to the community and [Leppien's] rehabilitative needs." *Id.* The court also took into account "all aggravating factors, including the number and ages of the victims, that the offenses were repeated over an extended period of time, that [Leppien] used his business as a lure for young people and that he provided his victims with alcohol and marijuana." *Id.* (citing N.T., 3/18/13, at 17-18).

At the sentencing hearing, after considering all factors mentioned above, the court concluded:

> Essentially, you are an extremely dangerous individual. You presented yourself as someone who is totally innocuous in dealing with these young women. How it was that they

found themselves attracted to you and to this location, we will probably never know . . . .

All these young women were under age. You knew that when you became involved with them. It is likely that you probably anticipated their reluctance to come forward and testify against you or to provide information against you for exactly the reasons I described. They got absolutely nothing out of this. You are the only one who got anything out of it for a brief period of time in that you got whatever satisfaction you wanted, you got whatever sense of power or control that you wanted, and you had that for an extremely short period of time.

It is appropriate that you be under supervision probably for the balance of your life because it is clear that, given your age, you are not likely to be deterred from this type of conduct in the future unless you are supervised for the balance of your life.

N.T., 3/18/13, at 18-20.

The PCRA court did not err in concluding that Leppien's claim that appellate counsel was ineffective for failing to raise a challenge to the discretionary aspects of sentence lacked merit because the underlying claim was meritless. The court considered all relevant information, made findings on the record, and its sentence was not excessive.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018

- 11 -