# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DELAWARE DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL, | § § § § | No. 558, 2019 |
| Appellee Below, Appellant, | § § § § | Court Below – Superior Court of the State of Delaware |
| v. | § § § | C.A. Nos. N17A-03-006 N19A-04-006 |
| FOOD & WATER WATCH, | § § | |
| Appellant Below, Appellee. | § § § § § | |

Submitted: November 10, 2020
Decided: February 3, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

Upon appeal from the Superior Court. **DISMISSED FOR LACK OF STANDING TO APPEAL.**

William J. Kassab, Esquire, Department of Justice, New Castle, Delaware; *for Appellant Delaware Department of Natural Resources and Environmental Control.*

Kenneth T. Kristl, Esquire, Environmental & Natural Resources Law Clinic, Widener University Delaware Law School, Wilmington, Delaware; *for Respondent Food & Water Watch.*

**MONTGOMERY-REEVES**, Justice:

In this appeal, Appellant, Delaware Department of Natural Resources and Environmental Control ("DNREC"), challenges the Superior Court's holding that Appellee, Food & Water Watch ("Watch"), had organizational standing to contest Order No. 2016-W-0008 (the "Secretary's Order"), which established a system to regulate pollutants from Concentrated Animal Feeding Operations ("Feeding Operations"). Specifically, DNREC argues that Watch did not have organizational standing to challenge the Secretary's Order because its representatives cannot adequately establish injury in fact, causation, and redressability.

Watch responds that this action is moot. Watch argues that since DNREC ultimately won on the merits and neither party appealed the merits decision, the issue of standing is no longer justiciable because the action is not adversarial. Further, even if this action is not moot, Watch argues that it had standing.

After reviewing the initial round of briefs, the Court requested supplemental memoranda addressing a separate threshold question: whether DNREC has standing to appeal under *Hercules v. AIU Insurance Co.*[1] despite being the prevailing party. DNREC argues that it has standing to appeal because the Superior Court's standing decision is a collateral adverse ruling. Watch argues that the standing decision is not

---

[1] 783 A.2d 1275 (Del. 2000).

a collateral adverse ruling because the decision cannot provide the basis for invoking claim preclusion, issue preclusion, or the law of the case doctrine.

Having reviewed the briefs, the supplemental memoranda, and the record on appeal, this Court dismisses this appeal for lack of standing to appeal. DNREC was the prevailing party below; the Superior Court granted DNREC all of the relief it requested; and the Superior Court's standing decision does not meet the criteria for a collateral adverse ruling. Accordingly, the standing decision did not render DNREC an aggrieved party, and DNREC does not have standing to appeal.

Because this Court dismisses this appeal for lack of standing to appeal, this opinion does not address the separate threshold questions of whether this case is moot or whether Watch had organizational standing to challenge the Secretary's Order under 7 *Del. C.* § 6008.

## I.    Background

On March 30, 2016, DNREC and the Delaware Department of Agriculture issued the Secretary's Order, which allows Feeding Operations to apply for a general permit authorizing them to discharge pollutants according to the permit's limitations and subject to certifications that permit holders complied with federal and state regulations.[2] To ensure that permit holders comply with the no-discharge effluent limitation, the permit requires Feeding Operations to implement management

---

[2] Opening Br. Ex. B.

2

practices that prevent pollutant discharges. The permit regulations further require Feeding Operations to monitor, visually inspect, and keep records of inspections of their management practices to ensure that the practices are functioning properly.[3]

On April 25, 2016, Watch appealed the Secretary's Order to the Delaware Environmental Appeals Board under 7 *Del. C.* § 6008,[4] arguing that the Order violates the Clean Water Act (33 U.S.C. §§ 1251-1387) and Delaware law because the Order does not impose an additional "surface water monitoring" requirement on permit holders.[5] On April 22, 2016, Watch filed a motion for summary judgment with the Appeals Board on the issue of whether failure to require mandatory "surface water monitoring" violates federal and state law. In connection with its motion, Watch submitted declarations from three members of the organization, Kathlyn Phillips, Maria Payan, and Patty Lovera, to establish it had standing to pursue the appeal.[6]

On October 18, 2016, DNREC responded to Watch's motion and filed a cross-motion for summary judgment, arguing that Watch's representatives would not have

---

[3] App. to Opening Br. 5-6, 12 (hereafter "A_").
[4] Section 6008(a) states, "Any person whose interest is substantially affected by any action of the Secretary may appeal to the Environmental Appeals Board within 20 days after receipt of the Secretary's decision or publication of the decision."
[5] Opening Br. Ex. C.
[6] *See Food & Water Watch v. Del. Dep't of Nat. Res. & Env't Control*, 2018 WL 4062112, at *1-2 (Del. Super. Ct. Aug. 24, 2018).

standing to challenge the Secretary's Order.[7]  On March 1, 2017, the Appeals Board

denied Watch's motion for summary judgment in its entirety and granted DNREC's

cross-motion for summary judgment on the basis that Watch failed to establish

standing to bring the appeal.[8]

Watch appealed the Appeals Board's decision to the Delaware Superior

Court.[9]  On August 24, 2018, following briefing and oral argument, the Superior

Court reversed the Environmental Appeals Board's decision on standing and

remanded the matter to the Board for resolution on the merits (the "Standing

Decision").[10]

On September 7, 2018, DNREC sought certification of interlocutory appeal

to this Court.[11]  On September 24, 2018, the Superior Court denied DNREC's

request for certification as untimely,[12] and on December 11, 2018, this Court rejected

DNREC's interlocutory appeal.[13]

On remand, Watch and DNREC stipulated that the remaining merits issues

were solely questions of law that should be resolved by the Superior Court on cross-

---

[7] *Id.* at *2.
[8] *Id.*
[9] *Id.*
[10] *Id.* at *7.
[11] *Food & Water Watch v. Del. Dep't of Nat. Res. & Envt'l Control*, 2018 WL 4613594, at *1 (Del. Super. Ct. Sept. 24, 2018).
[12] *Id.* at *1-2.
[13] *Del. Dep't of Nat. Res. & Envt'l Control v. Food & Water Watch*, 198 A.3d 179, 2018 WL 6505352, at *1 (Del. Dec. 11, 2018) (TABLE).

motions for summary judgment.[14]  On November 27, 2019, the Superior Court granted DNREC's motion for summary judgment on the merits (the "Merits Decision"), holding that neither the Clean Water Act nor Delaware law requires surface water monitoring.[15]  Watch did not appeal the Merits Decision.

On December 26, 2019, DNREC filed a notice of appeal, challenging the Superior Court's August 2018 Standing Decision.

## II.    Analysis[16]

Whether a party has standing to appeal is a question of law that this Court reviews *de novo*.[17]

---

[14] *Food & Water Watch v. Del. Dep't of Nat. Res. & Envt'l Control*, 2019 WL 6481888, at *1 (Del. Super. Ct. Nov. 27, 2019).

[15] *Id.* at *1, *3.

[16] DNREC argues that the Court must address mootness before standing to appeal. *See* Opening Suppl. Mem. 2.  The Court disagrees.  Standing to appeal and mootness are both threshold questions.  When presented with multiple threshold questions, the Court has the discretion to choose which question to answer first.  *See generally Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100-01 n.3 (1998))).  In this instance, the Court has determined that whether DNREC has standing to appeal is logically antecedent to mootness.

[17] *See El Paso Pipeline GP Co. v. Brinckerhoff*, 152 A.3d 1248, 1256 (Del. 2016) ("Whether a party has standing is a question of law that it subject to *de novo* review." (citing *Schoon v. Smith*, 953 A.2d 196, 200 (Del. 2007))); *Off. of the Comm'r, Del. Alcoholic Beverage Control v. Appeals Comm'n, Del. Alcoholic Beverage Control*, 116 A.3d 1221, 1226 (Del. 2015) ("We review questions of law, including whether a party has standing, *de novo*." (citing *Broadmeadow Inv., LLC v. Del. Health Res. Bd.*, 56 A.3d 1057, 1059 (Del. 2012))).

5

In *Hercules*, this Court addressed whether a prevailing party had standing to bring a cross-appeal.[18] In addressing that question, the Court reaffirmed the principle that "[s]tanding to cross-appeal . . . *like standing to appeal*, requires the party seeking relief to have been aggrieved by the judgment."[19] Stated differently, a party only has standing to appeal if that party was "aggrieved by the judgment" being appealed.[20] This requirement generally prevents a "prevailing party" from appealing "a decision in its favor."[21]

The Court recognized two circumstances, however, where a prevailing party can establish standing to appeal a judgment in its favor.

> First, a party is aggrieved by a favorable judgment, and may appeal, if that party did not receive all of the relief that was sought. Second, a prevailing party is aggrieved, and may appeal from a judgment in its favor, if [that judgment] includes a collateral adverse ruling that can serve as a basis for the bars of *res judicata*, collateral estoppel, or law of the case in the same or other litigation.[22]

Thus, despite prevailing below, DNREC is an aggrieved party that has standing to bring a direct appeal if one of the *Hercules* exceptions applies.

---

[18] 783 A.2d at 1277.

[19] *Id.* (emphasis added) (citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 334 (1980)).

[20] *Id.*

[21] *Id.*

[22] *Id.* (citations omitted).

The first exception does not apply because the Superior Court dismissed Watch's claims on the merits, granting DNREC all of the relief that it requested.[23] Therefore, DNREC only has standing to appeal if the Superior Court's Standing Decision is a collateral adverse ruling.

Under *Hercules*, a ruling is a collateral adverse ruling if it "can serve as a basis for the bars of *res judicata*, collateral estoppel, or law of the case in the same or other litigation."[24] DNREC's sole argument in favor of this exception is that the Superior Court's Standing Decision can be used to invoke the law of the case doctrine in subsequent phases of this litigation.[25]

"The 'law of the case' is established when a specific legal principle is applied to an issue presented by facts which remain constant throughout . . . the same litigation."[26] The law of the case doctrine "requires that issues already decided by the same court should be adopted without relitigation[,] and 'once a matter has been addressed in a procedurally appropriate way by a court, it is generally held to be the

[23] *Food & Water Watch v. Del. Dep't of Nat. Res. & Envtl. Control*, 2019 WL 6481888, at *1, *3 (Del. Super. Ct. Nov. 27, 2019).

[24] 783 A.2d at 1277.

[25] Reply Suppl. Mem. 3 ("DNREC never argued that its standing [to appeal] is based on *res judicata* or collateral estoppel. Rather, DNREC argues that if this Court finds that its appeal is <u>not</u> moot, then it has standing to challenge the Superior Court's decision under *Hercules*, because that decision serves as the law of the case as to whether F&WW has standing under 7 *Del. C.* § 6008.").

[26] *Frederick-Conaway v. Baird*, 159 A.3d 285, 296 (Del. 2017) (quoting *Kenton v. Kenton*, 571 A.2d 778, 784 (Del. 1990)).

law of the case . . . ."[27]  "In more simplified terms, the law of the case doctrine operates as a form of intra-litigation *stare decisis*."[28]  The law of the case "doctrine appears most often when a trial court is required to give effect to law established in a case after it has been appealed and the appellate court has ruled on the relevant issues."[29]  Nonetheless, "[t]he doctrine also applies to decisions rendered by a court that arise again later in the same court, in the same proceeding . . . ."[30]

DNREC's law of the case argument fails because regardless of how the Court resolves this appeal, there will be no subsequent phases of this litigation in which the law of the case doctrine could be applied.  If the Court dismisses the appeal for lack of standing to appeal or because the appeal is moot, the Superior Court's Merits Decision stands, Watch's claims have been dismissed with prejudice, and the case is over.  The same is true if the Court reaches the substance of DNREC's appeal and affirms the Superior Court's Standing Decision.  Finally, even if the Court reverses the Superior Court's Standing Decision, the Court will affirm the Appeal Board's

---

[27] *May v. Bigmar, Inc.*, 838 A.2d 285, 288 n.8 (Del. Ch. 2003) (quoting *Odyssey P'rs v. Fleming Co.*, 1998 WL 155543, at *1 (Del. Ch. Mar. 27, 1998)).

[28] *Fredrick-Conaway*, 159 A.3d at 296 (quoting *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*, 2015 WL 5278913, at *8 (Del. Ch. Sept. 10, 2015)).

[29] *Id.*

[30] *Id.*  This Court has recognized that "the doctrine of law of the case does not bar 'reconsideration of a prior decision that is clearly wrong, produces an injustice[,] or should be revisited because of changed circumstances.'" *State v. Wright*, 131 A.3d 310, 321 (Del. 2016) (quoting *Hoskins v. State*, 102 A.3d 724, 729 (Del. 2014)); *see also Sherman v. State Dep't of Pub. Safety*, 190 A.3d 148, 154 (Del. 2018).  These exceptions are not relevant to the Court's analysis, however, because there will be no subsequent phases of this litigation in which Watch could try to invoke the law of the case doctrine.

dismissal of Watch's claims. Whatever decision this Court reaches, the law of the case doctrine is irrelevant because this case is over.

DNREC's arguments therefore fail to show that it is an aggrieved party that has standing to appeal. DNREC prevailed below; the Superior Court granted all of the relief DNREC requested; and the Superior Court's Standing Decision cannot provide the basis for invoking the law of the case doctrine.[31] Accordingly, the Court dismisses DNREC's appeal for lack of standing to appeal.[32]

## III. Conclusion

For the reasons provided above, the appeal is DISMISSED for lack of standing to appeal.

---

[31] The Court need not consider whether the Superior Court's Standing Decision could provide the basis for invoking *res judicata* or collateral estoppel because DNREC expressly rejected any suggestion that it relied on either doctrine to establish that it has standing to appeal. Reply Suppl. Mem. 3 ("DNREC never argued that its standing [to appeal] is based on *res judicata* or collateral estoppel. Rather, DNREC argues that if this Court finds that its appeal is not moot, then it has standing to challenge the Superior Court's decision under *Hercules*, because that decision serves as the law of the case as to whether F&WW has standing under 7 *Del. C.* § 6008.").

[32] DNREC argues that "if this Court concludes that F&WW has mooted DNREC's appeal, then this Court should, in the interest of justice, apply the equitable remedy of *vacatur* to prevent the Superior Court's Standing Decision from having any precedential effect against DNREC." Opening Suppl. Mem. 9-10; *see also* Reply Br. 8. Watch responds that DNREC failed to timely request *vacatur* by waiting until its reply brief to request the equitable remedy. Answering Suppl Mem. 10 n.1. Watch further argues that that the "interests of justice" do not require *vacatur* here. *Id.* at 11. We do not resolve this dispute because DNREC does not request *vacatur* if the Court concludes that DNREC lacks standing to appeal under *Hercules*.

9