J-S06023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     : PENNSYLVANIA
                                                     :
                 v.                              :
                                                     :
                                                     :
TYRONE G. REEVES                      :
                                                     :
             Appellant         : No. 1743 EDA 2023

Appeal from the Judgment of Sentence Entered May 11, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001556-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JUNE 11, 2024**

Tyrone G. Reeves appeals from the judgment of sentence entered following his convictions for driving under the influence of alcohol – general impairment ("DUI")[1] and related summary offenses. Reeves maintains the court erred in sentencing him using a pre-sentence investigation report ("PSI") that was prepared without his participation. We affirm.

In March 2023, a jury found Reeves guilty of DUI and the court convicted him of summary offenses. At the conclusion of the trial, the court ordered that a PSI be completed. N.T. 3/7/23, at 151-52; Pre-Sentence Investigation Order, 3/7/23. A PSI was completed on May 5, 2023. Reeves did not participate in the PSI.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

At sentencing on May 11, 2023, Reeves requested a continuance so that he could participate in the PSI. N.T. 5/11/23, at 2. Reeves indicated that he had not participated in the PSI because his phone had been inoperable for the two weeks before the sentencing hearing. *Id.* at 6-7. He also stated that adult probation did not reach out to him to schedule a PSI. *Id.* at 6. However, Reeves indicated that he was in touch with pretrial services and was able to comply with his bail conditions by using "[his] friend's phone." *Id.* at 3. The court denied Reeves' request for a continuance. *Id.* at 7. It sentenced him to two to four years' incarceration followed by three years' probation. Reeves filed a post-sentence motion, which was denied. This appeal followed.

Reeves raises the following question: "Did the trial court abuse its discretion in sentencing [Reeves] without the aid of pre-sentence investigation that included any input from [Reeves] and failed to state adequate reasons to deny [Reeves'] request to order an additional report?" Reeves' Br. at 5.

Reeves challenges discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018). Before reviewing the merits of Reeves' claim, we must determine whether: "(1) the appeal -is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the

Sentencing Code." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019); ***see also*** Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Here, Reeves has complied with the first three requirements: his appeal is timely, he preserved the issue in a post-sentence motion, and his brief includes a statement of the reasons for allowance of appeal. We now turn to whether Reeves has raised a substantial question.

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010). Reeves' Rule 2119(f) statement claims that the sentencing court abused its discretion and disregarded Reeves' biological and historical information when it failed to order a new PSI. Reeves' Br. at 12. This presents a substantial question. ***See Commonwealth v. Ali***, 197 A.3d 742, 763 (Pa.Super. 2018) (stating appellant's contention that "the trial court abused its discretion in failing to order a new [PSI] upon remand for purposes of resentencing" raised a substantial question).

Reeves argues that the court abused its discretion in sentencing him without his participation in the PSI and failing to provide him with a subsequent opportunity to be interviewed for the PSI. Reeves' Br. at 11. He

asserts that "[s]entences should be tailored for the individual, and without having any background or direct input in the presentence report, the [c]ourt did not have a complete record when it imposed its sentence, in contradiction to sentencing standards[.]" *Id.*

"The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." *Commonwealth v. Brooks*, 104 A.3d 466, 469 (Pa. 2014) (quoting *Commonwealth v. Randolph*, 783 A.2d 1277, 1281 (Pa. 2005)). "[D]iscretion is abused when 'the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]'" *Id.* (quoting *Randolph*, 783 A.2d at 1281).

A sentencing court may, in its discretion, order a PSI as an aid in imposing a sentence. Pa.R.Crim.P 702(A)(1). A court is not required to order a PSI, but rather need only state its reasons on the record for not ordering one. *See* Pa.R.Crim.P. 702(A)(2).

Here, the court did, in fact, order a PSI. However, Reeves failed to participate in the PSI. The court found Reeves' reasons for not participating not credible:

> At the conclusion of trial, [Reeves] requested that the court order the Chester County Office of Adult Probation and Parole to complete a PSI. (N.T., 03/07/23, pp. [151-52]). The court stated, "Make sure you keep on top of that. You were late today. You make sure you follow through and do what you need to do." [Reeves] agreed. *Id.* at p. 152, ll. 12-15, p. 153, ll. 5-7.

- 4 -

At the sentencing hearing two months later, [Reeves] indicated he had failed to schedule an interview for the PSI. Upon questioning by the court as to why the PSI interview was not scheduled, [Reeves] stated that he called but that he never got a return call for the appointment. He stated that he had broken his mobile phone and that it was difficult for him to communicate and set up the appointment. His defense counsel stated to the court that when he tried to contact [Reeves], the number kept ringing and there was no answer. It was not until defense counsel requested that pre-trial services give [Reeves] the message to call him that [Reeves] finally contacted defense counsel a few days prior to the sentencing hearing.

We found [Reeves'] explanation for failing to respond to calls from Adult Probation and not scheduling his PSI interview incredulous, especially when he admitted that his mobile phone was only inoperable for the two weeks prior to sentencing. (N.T., 05/11/23, p. 6, ll. 8-9). [Reeves] admitted his phone was operational from the day of trial, from March 7, 2023, to April 26, 2023, two weeks prior to sentencing. Additionally, during these 37 **business days** that he had a functioning mobile phone, [Reeves] failed to schedule his PSI interview, but he managed to make the required phone calls to pre-trial services, thereby keeping him in compliance with his bail conditions and out of jail. Furthermore, from April 26, 2023 (the day his mobile phone became inoperable) to May 4, 2023 (the day before the PSI was completed), [Reeves] could have used the resources available to him. Pre-trial services could have assisted him in getting phone calls made to arrange for his PSI interview, his attorney could have assisted him in getting the interview scheduled, or [Reeves] could have bought a burner phone for the two weeks he did not have a phone. When faced with the inability to communicate via phone or have others communicate with him, [Reeves] chose to do nothing.

Trial Court Opinion, filed 9/1/23, at 4-5 (emphasis in original).

We discern no abuse of discretion. The trial court had the benefit of the PSI, which gives rise to a presumption that the trial court properly considered and weighed all relevant factors. *See Commonwealth v. Finnecy*, 135 A.3d

1028, 1038 (Pa.Super. 2016). To the extent that the PSI was incomplete, it was a result of Reeves' unwillingness to participate in the PSI. Moreover, Reeves has not identified any pertinent information that his participation in the PSI would have provided. Accordingly, Reeves is entitled to no relief.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge Sullivan did not participate in the consideration or decision of this case.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/11/2024