IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY, | § § § § § | No. 469, 2019 |
| | § | |
| Defendants-Below, | § | |
| Appellants, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| SPINE CARE DELAWARE, LLC | § | |
| | § | C.A. No. K18C-07-008 |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: July 29, 2020
Decided: September 9, 2020

Before **VALIHURA**, **VAUGHN**, and **MONTGOMERY-REEVES**, Justices.

Upon appeal from the Superior Court. **REVERSED** and **REMANDED**.

Colin M. Shalk, Esquire (*argued*), Casarino Christman Shalk Ransom & Doss, P.A., Wilmington, Delaware. *Of Counsel*: Kyle G.A. Wallace, Esquire, Gavin Reinke, Esquire, Alston & Bird LLP, Atlanta, Georgia for Appellants.

John S. Spadaro, Esquire (*argued*), John Sheehan Spadaro, LLC, Smyrna, Delaware for Appellee.

**VALIHURA**, Justice:

At issue in this appeal is the Superior Court's determination that State Farm Mutual Auto Insurance Company and State Farm Fire and Casualty Company's (collectively, "State Farm") payment practices with Spine Care Delaware, LLC ("SCD") for medical fees incurred by its Personal Injury Protection ("PIP") insureds in connection with covered multi-injection spine procedures contravene 21 *Del. C.* § 2118(a)(2).[1] When State Farm receives SCD's charges for a multi-injection procedure performed on one of its PIP insureds, it unilaterally applies a Multiple Payment Reduction ("MPR") to the charges for injections after the first injection in a manner consistent with Medicare guidelines. Thus, SCD is paid less than what it charged.

Questioning the propriety of State Farm's MPRs, SCD stipulated to certain essential facts with State Farm and filed a declaratory judgment action in Superior Court. SCD alleged that State Farm's application of its MPRs is inconsistent with section 2118(a)(2)'s requirement of reasonable compensation for covered medical expenses, and sought a declaration that State Farm must pay SCD any reasonable amount charged for PIP-related medical expenses, without applying MPRs. Both parties then moved for summary judgment. The court, in its October 29, 2019 opinion and order (the "Opinion"),[2] held that State Farm failed to show that the MPR reductions correlate to reasonable charges for the multiple-injection treatments, and thus contravened section 2118(a)(2). Accordingly, the

---

[1] Although there are two State Farm entities in this appeal, we refer to them here as one, as their distinction is inconsequential for purposes of this opinion.

[2] *Spine Care Delaware, LLC v. State Farm Mutual Auto. Ins. Co.*, 2019 WL 5581441 (Del. Super. Oct. 29, 2019) [hereinafter *Opinion*].

1

Superior Court granted declaratory relief to SCD, stating that State Farm must pay SCD for "any reasonable amount charged by [SCD] for covered, PIP-related medical expenses," and that "State Farm's practice of applying Medicare-prescribed MPRs to reduce [SCD]'s bills for bilateral and multilevel procedures violates 21 *Del. C.* § 2118(a)(2)."[3]

State Farm appeals the Superior Court's determination. State Farm contends that the court incorrectly placed the burden of proof on State Farm to demonstrate that its application of MPRs is reasonable, and that SCD failed to meet its burden of demonstrating that State Farm's application of MPRs is a failure to pay reasonable and necessary expenses under the statute. Alternatively, State Farm argues that even if it had the burden of proof, it satisfied that burden. SCD counters that the Superior Court appropriately addressed the issue that the parties had "teed up," and that State Farm failed to demonstrate that its application of MPRs is permissible under the statute.

For the reasons more fully explained below, we agree with State Farm that the court erred in assigning State Farm the burden of proof. We therefore REVERSE and REMAND the Superior Court's decision for proceedings consistent with this opinion.

## I. Factual and Procedural Background

The essential facts in this case are undisputed and, for the most part, stipulated between the parties.[4]

---

[3] *Id.* at *5.

[4] *See* App. to Answering Br. at B1–B3 (Stipulation).

Plaintiff-Appellee SCD is an Ambulatory Surgery Center ("ASC") with its principal place of business in Newark, Delaware. As part of its practice, SCD performs minimally invasive spinal injections on patients, including those injured in automobile accidents. Defendant-Appellant State Farm Fire and Casualty Company is a wholly-owned subsidiary of Defendant-Appellant State Farm. State Farm sells automobile insurance to Delawareans, including PIP coverage.[5]

SCD's patients include insureds, covered under State Farm's PIP coverage, who undergo bilateral and multilevel spinal injection procedures. These procedures require injections on two sides of the spine or on multiple vertebral levels, respectively. Though multiple injections are administered in these procedures, some tasks are performed only once in the operative session. Such tasks include the preoperative assessment process, intravenous access on the patient, administration of intravenous antibiotics, and administration of preoperative medications.[6] Nevertheless, SCD charges the same fee for each injection in accordance with its billing practice. SCD's facility fee is comparable to those of its two New Castle County ASC competitors—specifically, less than one, and more than the other.[7]

To generate a bill, SCD utilizes Current Procedural Terminology ("CPT") codes. The CPT codes are billing codes, copyrighted by the American Medical Association, to classify medical procedures. Each CPT code corresponds to a specific medical procedure.

[5] *Id*. at B1 (Stipulation ¶ 4).

[6] *Opinion*, 2019 WL 5581441, at *1.

[7] *Id*.

3

After a physician at SCD performs a spinal injection procedure, he or she uses the CPT codes to indicate which injections were performed. The CPT codes are written on a billing sheet, which is sent to SCD's billing department. The billing department reviews the CPT codes on the billing sheet and generates a bill based on SCD's prices for each type of injection, which it then submits to the patient's insurer.[8]

SCD will not always receive the billed amount. SCD is "in-network" with some insurance companies, and is paid according to contractual terms.[9] SCD also accepts Medicare and Workers' Compensation patients, and is paid according to Medicare's Claim Processing Guidelines ("Medicare Guidelines") and the Workers' Compensation fee schedule, respectively.[10]

The Medicare Guidelines, issued by the Center for Medicare & Medicaid Services ("CMS"), provide that the first injection for a bilateral procedure be paid at one hundred percent, and the second injection at fifty percent of the first injection.[11] Similarly, for a multilevel procedure, the guidelines instruct the first injection to be paid one hundred percent, and fifty percent for subsequent injections. State Farm does not have a contractual agreement with SCD, nor is it affiliated with the federal government or connected to CMS.

---

[8] *Id.*

[9] App. to Answering Br. at B2 (Stipulation ¶ 13).

[10] *Id.*

[11] *Opinion*, 2019 WL 5581441, at *2.

However, it applies an MPR to SCD's invoice in accordance with the Medicare Guidelines.[12]

To determine whether State Farm is permitted to apply such MPRs to SCD's billed amounts, the parties entered into the Stipulation which stated in part:

> 10.    It is SCD's position that Delaware PIP law does not permit State Farm to apply the Medicare reductions in paying PIP claims, and that State Farm must reimburse SCD for 100% of any reasonable fee charged for otherwise covered PIP-related medical bills.
>
> . . . .
>
> 12.    It is State Farm's position that payment of SCD's bills in accordance with Medicare guidelines provides "compensation to injured persons for reasonable and necessary expenses" in a manner consistent with the requirements of 21 *Del. C.* § 2118(a)(2).
>
> . . . .
>
> 15.    SCD continues to perform bilateral spinal injections and spinal injections at multiple vertebral levels and to bill State Farm in the manner set forth above. State Farm continues to reimburse SCD in the manner set forth above. *Thus, there is an ongoing controversy between SCD and State Farm with respect to whether State Farm is entitled to the reductions described above.*[13]

SCD then filed suit in the Superior Court on July 11, 2018, alleging that State Farm's imposition of an MPR on SCD's charges for bilateral and multilevel spinal injection treatments is inconsistent with section 2118(a)(2), results in unreasonably reduced payments, and is therefore unlawful. Section 2118(a)(2) states that:

---

[12] In some instances, State Farm paid the full invoiced amounts for second and subsequent injections without applying the MPR. *Opinion*, 2019 WL 5581441, at \*2 n.7.

[13] App. to Answering Br. at B2 (Stipulation) (emphasis added).

(a) No owner of a motor vehicle required to be registered in this State, other than a self-insurer pursuant to § 2904 of this title, shall operate or authorize any other person to operate such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage:

. . .

(2) a. Compensation to injured persons for *reasonable and necessary expenses incurred* within 2 years from the date of the accident for:

1. Medical, hospital, dental, surgical, medicine, x-ray, ambulance, prosthetic services, professional nursing and funeral services. Compensation for funeral services, including all customary charges and the cost of a burial plot for 1 person, shall not exceed the sum of $5,000. Compensation may include expenses for any nonmedical remedial care and treatment rendered in accordance with a recognized religious method of healing.[14]

In its complaint, SCD sought declaratory relief to the following effect:

a. When the defendants pay SCD for covered, PIP-related medical expenses, they must pay any reasonable amount charged, consistent with 21 *Del. C.* § 2118(a)(2).

b. The defendants' practice of capping such payments at the Medicare reimbursement rate is inconsistent with section 2118(a)(2); results in unreasonably reduced payments; and is therefore unlawful.[15]

After taking discovery, both parties moved for summary judgment.[16]

---

[14] 21 *Del. C.* § 2118(a)(2) (emphasis added).

[15] App. to Opening Br. at A24–A25 (Compl. ¶ 2).

[16] As part of the discovery process, the parties exchanged interrogatories and State Farm deposed Bonnie O'Connor, SCD's Administrator, and Toni M. Elhoms, a medical billing and coding expert. Although both parties' interrogatory responses contained objections, State Farm's November 15, 2018 interrogatory responses were rife with objections and were notably evasive. *See* App. to Answering Br. at B4–B9 (Objs. and Resps. to Pls.' First Interrogs.).

In the summary judgment proceedings, despite having entered into the Stipulation, the parties disagreed with how the court should approach the question the parties had "teed up." SCD argued that under section 2118, State Farm is required to pay the entirety of SCD's fees, so long as the fees are reasonable.[17] Reasoning that State Farm's practice was illegal if it could show that its fees were reasonable, SCD spent most of its efforts attempting to show that its rates were reasonable. Much of the evidence proffered addressed what other medical professionals in the locality charge for the same services, because, according to SCD, that is the "chief indicium of the reasonableness of medical fees."[18]

---

[17] *See Id*. at B323 (SCD's Reply Br. to Mot. for Summ. J.) ("Delaware's PIP statute, 21 *Del C*. § 2118, requires compensation for 'reasonable and necessary' medical expenses. Consistent with the plain meaning of the phrase 'reasonable expenses,' the statute thus requires PIP insurers to pay any reasonable amount charged—whether at the high end of the range of reasonableness, the low end of that range, or somewhere in between—for otherwise covered medical expenses."); App. to Opening Br. at A355–A356 (Cross-Mot. for Summ. J. H'rg Tr.) ("It's the only question—are [SCD]'s charges for multilevel bilateral injections reasonable? And the question is, would paying that bill constitute compensation for reasonable medical expenses? That's a close paraphrasing of the statute."); *Id*. at A357 ("So the statute says reasonableness is the issue. So if the charge is reasonable, that ends the inquiry on this motion, as it does for all PIP-related bills setting aside issues of causation, other types of coverage issues. That's always the issue on how much the PIP carrier has to pay."). In the proceedings below, SCD began its motion for summary judgment by framing the issue before the court: "This lawsuit presents the Court with a single, straightforward question: *Are the plaintiff's fees reasonable?*" *Id*. at A270 (SCD's Opening Br. to Mot. for Summ. J.). Although SCD's arguments in the summary judgment proceeding addressed its contention that its fees were reasonable, the Superior Court stated that SCD's complaint did not seek relief on that basis. Accordingly, court refocused the issue based upon the relief sought, and resolved the cross-motions for summary judgment on that basis. *Opinion*, 2019 WL 5581441, at *4.

[18] Answering Br. at 24. In its motion for summary judgment, SCD stated that its fees were within the range charged by two of its New Castle County competitors, and that all but two Delaware PIP insurers have routinely paid the full amount of SCD's fees for these procedures. App. to Opening Br. at A287—A289. SCD also stated that its per-case revenues were "quite close to the nationwide median" based on benchmarking reports, *Id*. at A279, and that it has modestly increased its fees over the years to keep up with the consumer price index. *Id.* at A280.

State Farm, on the other hand, focused largely on the propriety of its MPR methodology, separate and apart from the reasonableness of SCD's charges. In its motion for summary judgment, State Farm stated that the "single straightforward question" before the court was: "Does Delaware's [PIP] statute prohibit insurers like State Farm from applying bilateral and [MPRs] when reimbursing providers for spinal injections performed bilaterally or at multiple vertebral levels?"[19] State Farm's position was that, "so long as the amount that State Farm reimburses [SCD] is reasonable, the statutory requirements of Delaware's PIP statute are satisfied, even if State Farm does not reimburse [SCD] at the amount that [SCD] wishes to charge."[20] In framing the issue, State Farm asserted that SCD's "refusal to accept State Farm's payments with the application of MPRs is unreasonable as a matter of law."[21] In the argument below, State Farm further stated that, "the real issue is whether the Delaware PIP statute can be read to prohibit State Farm from applying MPRs just as many other payors do. Put simply, this is not about the reasonableness of [SCD]'s rates. It's about the reasonableness of State Farm's application of MPRs."[22] Thus, according to State Farm, SCD "cannot simply declare that its charges

---

[19] App. to Opening Br. at A110 (State Farm's Mot. for Summ. J.).

[20] *Id.* at A121.

[21] *Id.* at A122.

[22] *Id.* at A309 (State Farm's Resp. to SCD's Mot. For Summ. J.); *see Opinion*, 2019 WL 5581441, at *4 ("State Farm posits that the question before this Court is 'the reasonableness of State Farm's application of MPRs.'"). State Farm's counsel explained to the court in the proceedings below:

> THE COURT: But why isn't the issue the reasonableness of the fees rather than the reasonableness of what State Farm pays?
>
> MR. WALLACE: Because the statute speaks to the reasonableness. It speaks to State Farm's obligation. It speaks to State Farm's obligation. And the only law that

are reasonable, but must show that State Farm's application of MPRs is unreasonable," and "[SCD] plainly cannot meet its burden as a matter of law as the undisputed facts amply demonstrate that State Farm's application of MPRs is well-reasoned and is not arbitrary."[23]

The Superior Court rendered its decision on October 29, 2019, granting SCD's motion for summary judgment and denying State Farm's motion. In reaching its decision, the court first clarified the issue at hand. It stated that though SCD attempted to prove the reasonableness of its fees, the court was not tasked with resolving that particular issue, as SCD did not request in its complaint a declaration that its fees were reasonable. In a footnote (footnote 15), the court expressly stated that, "the record would *not* support a determination that [SCD]'s fees for bilateral and multilevel procedures are reasonable as a matter of law," as a number of factors guide the reasonableness determination, and SCD had only addressed one of those factors—the ordinary and reasonable charges of similarly situated professionals.[24]

The court also disagreed with State Farm's framing of the issue. According to the court, the question before it was not, as State Farm contended, the reasonableness of State Farm's application of MPRs, but rather, was "whether State Farm's application of

we have in front of us to help us decide this case is the 2118(a) provision, and it speaks to what the obligations of the insurance company are towards the insured. And their obligation is to compensate the insured for reasonable and necessary expenses. And that's why, at its core, the true question is whether State Farm is doing that and if somehow applying the reductions means that State Farm is not doing that.

App. to Opening Br. at A405 (Cross-Mot. for Summ. J. H'rg Tr.).

[23] App. to Opening Br. at A134 (State Farm's Mot. for Summ. J.).

[24] *Opinion*, 2019 WL 5581441, at *2 n.15.

9

Medicare-prescribed MPRs represents an appropriate method to arrive at a reasonable fee for the subject services."[25]

To guide its reasonableness analysis, the court reviewed the Superior Court cases *Anticaglia v. Lynch*[26] and *Watson v. Metropolitan Property and Casualty Insurance Co.*[27] Applying the reasonableness factors therein, the court held that State Farm had "failed to present evidence demonstrating that its MPRs correlate with reasonable charges for bilateral and multilevel injections."[28] Specifically, it found that State Farm had failed to retain an expert to explain how a fifty percent reduction for injections after the first injection correlated directly to reduced costs for SCD and reduced efforts for medical providers in SCD's facility, or how the MPR reductions conformed to the *Anticaglia* and *Watson* factors. The court discounted State Farm's contention that MPRs are commonly used in the industry, stating that there is "no demonstrated correlation between the Medicare Guidelines and the reasonableness of medical fees under Delaware law."[29] The court also rejected State Farm's argument that the MPRs were reasonable because it actually pays "substantially more" for the procedures than other private insurers like Aetna and Blue Cross Blue Shield, "because these private health insurers have contractual

---

[25] *Id*. at *4.

[26] 1992 WL 138983 (Del. Super. Mar. 16, 1992).

[27] 2003 WL 22290906 (Del. Super. Oct. 2, 2003).

[28] *Opinion*, 2019 WL 5581441, at *4.

[29] *Id*.

10

relationships with [SCD] that require acceptance of reduced payments."[30] Thus, it reasoned, "[t]he fact that State Farm, even with MPRs, is paying more than Medicare or a private health insurer is irrelevant when reduced payments from those payors are determined by federal law or private insurance contracts."[31] As a result, the court denied State Farm's summary judgment motion, granted SCD's motion, and declared that "(1) State Farm must pay [SCD] for any reasonable amount charged by [SCD] for covered, PIP-related medical expenses; and (2) State Farm's practice of applying Medicare-prescribed MPRs to reduce [SCD]'s bills for bilateral and multilevel procedures violates 21 *Del. C.* § 2118(a)(2)."[32]

State Farm appealed, arguing that the Superior Court incorrectly placed the burden of proof on State Farm. State Farm contends that the burden should have been on SCD to show that State Farm's MPR practice is inconsistent with State Farm's obligation to pay reasonable and necessary expenses, and not on State Farm to show that its MPR practice is consistent with the obligation. Further, State Farm claims that under the proper framing, SCD failed to carry its burden. Moreover, even if State Farm had the burden to show that the MPR practice is consistent with its obligation to pay reasonable and necessary expenses, it argues that it did carry that burden and the Superior Court should have granted summary judgment in its favor.[33]

---

[30] *Id.*

[31] *Id.*

[32] *Id.* at *5.

[33] State Farm also raises an ancillary argument suggesting that there may have been an issue of material fact that precluded the entry of summary judgment. Opening Br. at A27. In oral argument

11

The thrust of SCD's response is that the Superior Court correctly placed the burden of proof on State Farm, and State Farm failed to meet that burden. Specifically, SCD responds that: (1) the court resolved the issue as framed by the parties in the Stipulation, and, thus, there was no error in assigning the burden of proof; (2) there was no burden imposed on State Farm that did not already exist under settled law; (3) the court correctly rejected State Farm's arguments because State Farm did not attempt to correlate its reductions to any particular duplicative service; (4) there are independent, alternative bases to affirm; (5) the Court should not consider State Farm's comparisons with private insurers and Medicare; (6) State Farm's discussion about whether other ASCs acquiesce in Medicare reductions does not support its argument; (7) State Farm cannot claim that there may be a question of fact; and (8) PIP limits should not be conserved, as State Farm argues, in derogation of the law or of the insureds' interests. SCD did not cross appeal the Superior Court's finding in footnote fifteen that it had not established the reasonableness of its fees.

---

below, the trial court specifically asked the parties whether they thought there were any issues of material fact and whether the cross-motions for summary judgment were being submitted for decision on the merits based on the record in accordance with Superior Court Rule 56(h). *See* App. to Opening Br. at A349–A351 (Cross-Mot. for Sum. J. Hr'g Tr.). Counsel for SCD stated that there were no issues of material fact. *Id*. at A350. State Farm's counsel concurred, but qualified his answer by saying that if the court cannot find summary judgment in favor of State Farm, "it should at least find that it's a fact question." *Id*. at A351–A353. The court then told State Farm that if it believed there was an issue of material fact, State Farm was obligated to bring it to the court's attention. *Id*. State Farm, however, did not raise any factual issues with the trial court.

## II.     Standard of Review

This Court reviews the Superior Court's decision on a motion for summary judgment *de novo*.[34]  The proper allocation of the burden of proof is a question of law that we review *de novo*.[35]

## III.     Analysis

State Farm's principal argument on appeal is that the Superior Court incorrectly reversed the burden of proof.  We agree that the burden to prove its case rested with the plaintiff SCD, and not with the defendant State Farm.  We acknowledge that the parties entered into the Stipulation, which helped to narrow and frame the issues for the trial court. In paragraph fifteen of the Stipulation, the parties state, "[t]hus, there is an ongoing controversy between SCD and State Farm with respect to whether State Farm is entitled to the reductions described above."[36]  The burden, however, is on SCD to show that State Farm is not entitled to take the Medicare guidelines-based MPRs.  And to answer that question, SCD first has to demonstrate that its charges for the second and subsequent injections are reasonable.  If it is determined that they are reasonable, then, under the statute, State Farm must pay them without reduction.

The trial court's statement that, "the record would not support a determination that [SCD]'s fees . . . are reasonable as a matter of law," was based upon its application of the

---

[34] *GMG Capital Inv., LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 776, 779 (Del. 2012).

[35] *Lynch v. City Rehoboth Beach*, 894 A.2d 407, 2006 WL 568764, at *1 (Del. Mar. 7, 2006) (Order).

[36] App. to Answering Br. at B2 (Stipulation ¶ 15).

test articulated in two Superior Court cases, *Anticaglia* and *Watson*, and on its observation

that SCD only offered evidence pertaining to the first factor in this test. However, the test,

as explained below, is designed to address specific reasonableness challenges in individual

cases. Given the manner in which the parties have framed the case, the parties are clearly

seeking a determination on the application of State Farm's MPRs to SCD's charges as a

general practice.[37]  Because the two cases address reasonableness challenges in an

individualized context, certain factors are less relevant here, if at all. As SCD argued, the

first factor, which SCD did address, is more pertinent in the context where a billing

methodology is at issue, as opposed to individualized, case-specific challenges. Thus, it

logically should carry more weight. Because SCD's evidence goes far in establishing the

reasonableness of its fees, and because the court expressly found that State Farm's MPRs

bore no correlation to the fees, we could be tempted to affirm based upon the record before

us. However, we remand because SCD should have had the burden of proof as to the

reasonableness of its fees, and because, as explained below, we think that the unique

circumstances of this declaratory judgment action call for a more flexible approach to the

reasonableness determination, as opposed to a rigid application of all factors set forth in

*Anticaglia* and *Watson*.

---

[37] As State Farm stated in its Opening Brief, "the issue in this case is far different from *Anticaglia* and *Watson*," since, "this case does not involve the reasonableness of a specific bill to a specific provider . . . ." Opening Br. at 22. Rather, "[i]t involves State Farm's application of an industry-standard payment methodology (MPRs) in certain circumstances . . . ." *Id.*

14

## A. *The Superior Court Erred in Placing the Burden on State Farm*

The parties do not dispute that the Superior Court placed the burden on State Farm. Indeed, the court states that, "State Farm has failed to present evidence demonstrating that its MPRs correlate with reasonable charges for bilateral and multilevel injections."[38] The trial court also faulted State Farm for failing to retain an expert with respect to showing how the MPR reductions correlate directly to reduced costs and efforts, or how the MPR-modified bills conform to the reasonableness factors.[39] The court further stated that "State Farm has made no showing that its application of MPRs results in a fee that conforms to the *Anticaglia* and *Watson* standards—and conversely, that fees unreduced by those MPRs are *per se* unreasonable."[40] The court appeared to place the burden on State Farm because "Delaware provides a system in which the medical provider renders the initial bill for services provided, and the insurer then has the right to investigate the reasonableness of the charges."[41] The Superior Court cited *Murphy v. United Services Auto Association*[42] for this proposition, and quotes the following statement from *Murphy* in a footnote: "Delaware has consistently permitted insurers to investigate the reasonableness of expenses."[43]

---

[38] *Opinion*, 2019 WL 5581441, at *4.

[39] *Id.*

[40] *Id.*

[41] *Id.* at *3.

[42] 2005 WL 1249374, at *2 (Del. Super. May 10, 2005).

[43] *Opinion*, 2019 WL 5581441, at *3 n.28 (quoting *Murphy*, 2005 WL 1249374, at *2).

The plaintiff typically has the burden to prove its position.[44]  The issue, then, is whether the typical litigation burden is different in this case.  We hold that it is not.  *Murphy* does not suggest that this burden should change in this PIP context.  Rather, it reinforces State Farm's contention that SCD has the burden of proof, as it states that, "[a]s a matter of law, the burden lies on the *Plaintiff, not on the insurer*, to show that the expenses were 'reasonable and necessary.'"[45]

On appeal, SCD contends that the Superior Court was correct in placing the burden on State Farm because that is how the parties "teed up" the issue in the Stipulation.  According to SCD, "[b]y agreement and design, the case has always been about the propriety of State Farm's reductions."[46]  However, the Stipulation does not alter the allocation of the burden of proof.  The question at hand, the "propriety of the reductions," does not require State Farm to carry the burden of proof.  The issue is more properly resolved by SCD being required to prove that State Farm is not entitled to apply its MPRs

---

[44] *See*, *e.g.*, *Ramsey v. State Farm Mutual Ins. Co.*, 869 A.2d 327, 2005 WL 528846, at \*1 (Del. Feb. 23, 2005) (Order); *Gray v. Allstate Ins. Co.*, 668 A.2d 778, 778–79 (Del. Super. 1995) (the burden was on the cyclist-plaintiff to show he was entitled to recover PIP benefits for medical expenses under driver's policy under 21 *Del. C.* 2118(a)(2) when plaintiff "solo crashed" and was the sole proximate cause of the accident and his own injuries when he sought to avoid a collision with the motor vehicle); *Williams Field Serv's Grp., LLC v. Caiman Energy II, LLC*, 2019 WL 4668350, at \*15 (Del. Ch. Sept. 25, 2019) ("The party seeking a declaratory judgment assumes the burden of proving its position."); *San Antonio Fire & Police Pension Fund v. Amylin Pharms., Inc.*, 983 A.2d 304, 316 n.38 (Del. Ch. 2009), *aff'd*, 981 A.2d 1173 (Del. 2009).

[45] *Murphy*, 2005 WL 1249374, at \*2.  Moreover, *Murphy* notes that, "[i]n fact, an insured who wants to challenge an insurer's denial of benefits because of the insurer's belief that they were not reasonable and necessary must bring a claim of bad faith denial of benefits against the insurer," *id*. at \*2 n.6, and "[i]n order to establish bad faith, a plaintiff 'must show that the insurer's refusal to honor [the claim] was clearly without any reasonable justification.'"  *Id*. (quoting *Albanese v. Allstate Ins. Co.*, 1998 WL 437370, at \*2 (Del. Super. July 7, 1998)).

[46] Answering Br. at 3.

16

because its fees are reasonable. Moreover, State Farm did not concede the burden issue in the proceedings below, as it repeatedly asserted that SCD had the burden of proof.[47]

SCD further defends the Superior Court ruling by contending that, "the Superior Court imposed no burden on State Farm that did not already exist under settled law."[48] For this proposition, SCD points to 21 *Del. C.* § 2118B(c) and this Court's decision in *Tackett v. State Farm Fire and Casualty C*o.[49]

We first note that SCD did not make this particular argument in the proceedings below and thus, the argument is waived. Moreover, the argument evolved between SCD's submission of its Answering Brief and oral argument on appeal.[50] Even if these new arguments were not waived, they are not persuasive.

---

[47] *See* App. to Answering Br. at B247–B248 (State Farm's Mot. for Summ. J.) ("The plaintiff bears the burden of establishing that the statutory prerequisites of entitlement to payment are satisfied."); App. to Opening Br. at A401–A402 (Cross-Mot. for Summ. J. H'rg Tr.) ("And I don't want to suggest that it's our burden to prove up this case, so I'm not saying that. It's still their burden to show the unreasonableness of what State Farm is doing.").

[48] Answering Br. at 19.

[49] 653 A.2d 254 (Del. 1995).

[50] Counsel for SCD stated in oral argument on appeal:

> MR. SPADARO: That's the *prima facie* case, that the medical necessity element of the statute is met, and that the reasonableness of the dollar amount element of the statute is met. The HCFA form which is essentially the bill, and the supporting medical records. Now what does section 2118B say, 2118B(c) says, it says that once State Farm gets that package, which makes the *prima facie* case on reasonableness, it has 30 days to either pay it in full, to contest the supporting documentation and say we can't reach a decision because the medical records don't enlighten us, to deny it entirely, for example for lack of causation, or to deny it in part, in other words, to make partial payments. And 2118B(c) says that within that 30 day period if they deny in part they must explain in writing why they denied in part. State Farm is trying to erect some sort of cosmic ethereal burden that providers can never meet, unless they actually do provide sworn affidavits with all their bills, which would be a catastrophic result for the medical community generally and has no basis in law. The *prima facie* case, meeting the burden, is, here is the bill and

17

SCD argues that section 2118B(c)'s requirement that the insurer provide a written explanation for denying all or part of a claim is consistent with the burden placed on State Farm here to show that its MPR practice is consistent with the statute.[51] Citing *Tackett*, a case concerning an insurer's alleged bad faith delay in paying underinsured motorist benefits, SCD argues that, "[u]nder settled law, when an insurer pays a reduced amount on a covered bill, it must have a reasonable, articulable basis for the reduction."[52] However, neither side has argued that the present case challenges an insurer's prompt payment or a prompt denial of coverage. Further, neither the statute nor the holding in *Tackett* supports SCD's position. SCD ignores subsection (d) of section 2118(B), which states that if an insurer fails to comply with section 2118(c), "the claimant may recover the amount due

---

the supporting documentation. Now we are dealing with bills that were all paid, though not in full. So coverage for these bills has been acknowledged in every single instance. The only dispute is their partial payment, which is a partial denial, and under section 2118B(c), they have the burden of explaining the justification for that partial payment. And that's why the parties stipulated that the issue to be brought before the court without the benefit of a jury on cross motions for summary judgment would be the propriety of their reductions. Not whether the bills were covered in the first instance.

Oral Argument Video, at 19:36–21:42, https://livestream.com/accounts/5969852/events/9188198/videos/209219166.

[51] Section 2118B(c) reads:

When an insurer receives a written request for payment of a claim for benefits pursuant to § 2118(a)(2) of this title, the insurer shall promptly process the claim and shall, no later than 30 days following the insurer's receipt of said written request for first-party insurance benefits and documentation that the treatment or expense is compensable pursuant to § 2118(a) of this title, make payment of the amount of claimed benefits that are due to the claimant or, if said claim is wholly or partly denied, provide the claimant with a written explanation of the reasons for such denial. . . .

21 *Del. C.* § 2118B(c).

[52] Answering Br. at 19 (citing *Tackett*, 653 A.2d at 264).

18

through a civil action," and "[t]he burden of proving that the insurer acted in bad faith shall be *on the claimant*."[53]  *Tackett* also states that, "[a] lack of good faith, or the presence of bad faith, is actionable where the *insured can show* that the insurer's denial of benefits was 'clearly without any reasonable justification.'"[54]  Thus, even in the context of bad faith, the insured bears the burden of proof.[55]

---

[53] 21 *Del. C.* § 2118B(d) (emphasis added).

[54] *Tackett*, 653 A.2d at 264 (emphasis added).

[55] We observe that there is some debate on the burden of proof in declaratory judgment actions. *See Rhone-Poulenc v. GAF Chems.*, 1993 WL 125512, at *3 (Del. Ch. Apr. 8, 1993) ("There is a split of authority as to whether a plaintiff seeking a declaratory judgment bears the burden of persuasion or whether the burden of persuasion rests with the party who would have borne that burden had it been brought as a conventional action, *i.e.*, the declaratory defendant." (citing 6A *Moore's Federal Practice* § 57.31 and Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d*, § 2770)); *Am. Legacy Found. v. Lorillard Tobacco Co.*, 886 A.2d 1, 18 (Del. Ch. 2005) (citing *Rhone-Poulenc*, 1993 WL 125512, at *3), *aff'd* 903 A.2d 728 (Del. 2006).  In *Rhone-Poulenc*, the Court of Chancery observed that, "[t]he few declaratory judgment cases that have imposed the burden of persuasion on a defendant are cases involving questions of insurance coverage or patent infringement."  1993 WL 125512, at *3.  *Federal Practice and Procedure* explains:

> The question arises when the parties are reversed in the declaratory action, as when an insurance company seeks a declaration that an injury is not covered by the policy.  If there were no declaratory-judgment actions, the issue would come up when the insured or an injured person sued on the policy.  In that suit the person seeking to recover on the policy would have the burden of proving compliance with the policy conditions.  Thus, several courts have held that the burden should not be shifted merely because the insurer institutes the action as one for a declaratory judgment.

10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2770 (4d ed.).  The *Rhone-Poulenc* court concluded that, "[t]he better view is that a plaintiff in a declaratory judgment action should always have the burden going forward."  *Rhone-Poulenc*, 1993 WL 125512, at *3.  We agree that this is the better view.  Yet, the court in *Rhone-Poulenc* acknowledged that it would not be possible to "establish a hard and fast rule as to who has the burden of persuasion as to a particular issue during trial because the burden may shift" in different contexts, such as if the issue is whether a breach of fiduciary duty had occurred.  *Id.*  Although this is an interesting debate, here there is no role-reversal or burden shifting.  SCD, in the shoes of the insured, is making a claim against defendant-insurer State Farm for what is functionally a partial

*B. On Remand The Court Must Revisit Whether SCD's Charges Are Reasonable*

The court analyzed State Farm's MPRs without regard to the reasonableness of SCD's fees, primarily because SCD did not seek a determination on the reasonableness of its fees in its complaint. Further, the court stated in footnote fifteen that "the record would *not* support a determination that [SCD]'s fees for bilateral and multilevel procedures are reasonable as a matter of law," because SCD only addressed one reasonableness factor, namely, "the ordinary and reasonable charges of similarly situated professionals."[56]

Although SCD did not cross appeal the Superior Court's determination that the record "would not support a determination" that its fees were reasonable, we have held that "an appellee who does not file a cross-appeal, however, may defend the judgment with any argument that is supported by the record, even if it questions the trial court's reasoning or relies upon a precedent overlooked or disregarded by the trial court."[57] SCD did argue on appeal that the Superior Court's decision is supported by independent, alternative bases, including that "its fees for bilateral and multilevel procedures are comparable to those of its competitors . . . ."[58] Because we are reversing and remanding on the burden of proof error, we address the reasonableness standard to be applied.

---

denial of the claim. This is consistent with the natural flow of PIP litigation, where an insured will make a claim against the insurer for failure to pay amounts due under the policy.

[56] *Opinion*, 2019 WL 5581441, at *2 n.15.

[57] *Haley v. Town of Dewey Beach*, 672 A.2d 55, 58–59 (Del. 1996); *Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808, 815 n.13 (Del. 2013); *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 67 (Del. 1995) (where Santa Fe was not challenging the judgment below or seeking to expand its legal rights, but instead, was offering an alternative ground for affirmance that was fairly presented below, no cross-appeal was required).

[58] Answering Br. at 35.

We find the court's determinations in footnote fifteen to be erroneous for two reasons. First, based on the Stipulation and Section 2118(a)(2), the reasonableness of SCD's fees was central to the case. The parties were not contesting State Farm's MPRs in the abstract. Rather, according to the Stipulation, the live, "ongoing controversy between SCD and State Farm" was with respect to whether State Farm could apply its MPRs to SCD's fees.[59] Under section 2118(a)(2), a PIP insurer must pay "reasonable and necessary expenses incurred." In other words, under the statute, State Farm is obligated to pay SCD's fees so long as they are reasonable.[60] Accordingly, if the court finds that SCD's fees are reasonable, State Farm cannot apply its MPRs to them. Thus, the court must address on remand whether SCD's fees for bilateral and multilevel injection procedures are reasonable.

Second, the court's reason for not determining that SCD's fees were reasonable is problematic. The court was guided by the reasonableness factors from *Anticaglia* and *Watson*:

> [T]he ordinary and reasonable charges usually made by members of the same profession of similar standing for services such as those rendered here, the nature and difficulty of the case, the time devoted to it, the amount of services rendered, the number of visits, the inconvenience and expense to which the physician was subjected, and the size of the city or town where the services

---

[59] App. to Answering Br. at B2 (Stipulation ¶ 15).

[60] In its Opening Brief on appeal and in the proceedings below, State Farm contested this interpretation of section 2118(a)(2). According to State Farm, "the words 'reasonable and necessary' qualify the scope of benefits the insurance company must pay, and not the maximum amount that a provider is authorized to charge." Opening Br. at 36 (quoting *Murphy*, 2005 WL 1249374, at *2) (internal quotation mark omitted). As State Farm argued in its briefing to this Court, "so long as the amount that State Farm pays is reasonable, [SCD] is not entitled to a larger fee, even if that larger fee is also reasonable." Opening Br. at 36–37. At oral argument, however, State Farm appeared to retreat from this position. *See* Oral Argument Video, at 9:48–14:40.

21

were rendered. The Court also should consider the physician's education and training, experience, skill or capacity, professional standing or reputation, and the extent of the physician's business or practice. Finally, the Court should consider the ability of the defendant to pay.[61]

The court stated that SCD had only addressed one factor—the ordinary and reasonable charges of similarly situated professionals—and this was not enough for the court to determine that the fees were reasonable.

However, the *Anticaglia* and *Watson* factors address challenges to individual medical bills, whereas here, we are reviewing a discounting method being generally applied to a provider's charges. Indeed, *Watson* itself dealt with an insured's challenge to the insurer's denial of her individual medical expenses incurred.[62] The factor most germane to this case is the ordinary and reasonable charges usually made by members of the same profession of similar standing. In SCD's words, this is the "chief indicium of the reasonableness of medical fees."[63] With respect to this factor, SCD presented facts that show that their rates are comparable to their two New Castle County ASC competitors. Thus, to the extent the court, on remand, refers to the *Anticaglia* and *Watson* factors in analyzing the reasonableness issue, we agree with SCD that the first factor is the most relevant.

---

[61] *Opinion*, 2019 WL 5581441, at *3 (quoting *Anticaglia*, 1992 WL 138983, at *6); *see Watson*, 2003 WL 22290906, at *5–6 (applying the *Anticaglia* factors in the PIP context).

[62] *Watson*, 2003 WL 22290906, at *1.

[63] Answering Br. at 24.

*C.  Evidence of Payments Made by Other Third-Party Payors*

In order to be as helpful as possible, we also address State Farm's disagreement with how the trial court treated evidence of payments made by other third-party payors.  In support of its motion for summary judgment, State Farm argued that it paid SCD substantially more for the bilateral and multilevel procedures than certain other insurance companies, including Blue Cross Blue Shield and Aetna.  The court discounted this evidence, however, because the insurers were in-network with SCD, and, thus, were paying according to contractual arrangements.

We agree with the trial court's conclusion that "the fact that Aetna and Blue Cross reduce billed amounts pursuant to contract, and then apply MPRs to those reduced rates, does not establish that it is appropriate for State Farm to employ MPRs in the PIP context, because these private health insurers have contractual relationships with [SCD] that require acceptance of reduced payments."[64]  The amount that a contracted insurer pays is not particularly relevant for determining the fees a non-contracted insurer should pay because there are factors involved beyond the reasonableness of fees.[65]  There is, for example, consideration in the form of patient volume in exchange for discounted fees, which SCD

---

[64] *Opinion*, 2019 WL 5581441, at *4.

[65] *See Gen. Motors Corp. v. English*, 1991 WL 89812, at *2 (Del. Super. May 10, 1991) (stating in response to employer's effort to rebut the reasonableness of fees with amounts paid by contract carriers, that the employer "does not have a contractual relationship with Wilmington Orthopaedic and is not entitled to the status or benefits of a contract to which it is not a party"), *aff'd*, 608 A.2d 727 (Del. 1992) (Table).

noted in the proceedings below.[66]  Thus, the trial court aptly observed that situations involving Medicare or insurers who have contractual relationships with SCD are distinguishable.  With respect to other PIP insurers SCD supported its position by submitting evidence that nearly all other PIP insurers (other than State Farm and USAA) fully pay SCD's fees for bilateral and multilateral injections.[67]  As to these facts, and any other evidence the trial court deems relevant, consistent with the guidance herein, we leave to the trial court the weight to be given to such evidence on remand.

## *IV.    Conclusion*

Accordingly, for the reasons stated above, we REVERSE the Superior Court's ruling and REMAND for further proceedings consistent with this opinion.

---

[66] App. to Opening Br. at A340 (SCD's Reply Br. to Mot. for Summ. J.) ("The designee thus made clear that, where Blue Cross is concerned, viewing a single bill in isolation offers a distorted picture, because SCD's willingness to contract for lower payments from Blue Cross is a function of valuable consideration—consideration in the form of the high volume of patients that Blue Cross brings to SCD's door (all of which made sense to the examining attorney").).

[67] *See* App. to Answering Br. at B221–B222 (O'Connor Aff. ¶ 7).